**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**SHAWANDA OGBURN**                                                                          **PLAINTIFF**

**v.**                                                           **CIVIL ACTION NO.:** 4:23cv210-DMB-JMV

**PHC-CLEVELAND, LLC D/B/A
BOLIVAR MEDICAL CENTER; AND
UNUM GROUP**                                                      **DEFENDANTS**

**COMPLAINT
<u>JURY TRIAL DEMANDED</u>**

     **COMES NOW** Plaintiff, Shawanda Ogburn, by and through counsel, Watson & Norris, PLLC, brings this action to recover damages for violations of her rights pursuant to the Family and Medical Leave Act of 1993, as amended (FMLA), for FMLA retaliation and interference, violation of her rights under Title VII of the Civil Rights Act of 1964 and 42 U.S.C.§1981 for race discrimination, and violation of her rights under the Age Discrimination in Employment Act of 1967 (ADEA) for age discrimination against the Defendants, PHC-Cleveland, LLC d/b/a Bolivar Medical Center and UNUM Group. In support of this cause, Plaintiff would show unto the Court the following facts to-wit:

<u>**THE PARTIES**</u>

     1.     Plaintiff, Shawanda Ogburn, is an adult female resident of Sunflower County, Mississippi. Plaintiff is an eligible employee as currently defined by the FMLA.

     2.     Defendant, PHC-Cleveland, LLC d/b/a Bolivar Medical Center, may be served with process by serving its registered agent, C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

     3.     Defendant, UNUM Group, may be served with process by serving its registered agent, Corporation Service Company, 109 Executive Drive, Suite 3, Madison,

Mississippi 39110.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction for actions that arise under the FMLA, Title VII of the Civil Rights Act of 1964, 42 U.S.C.§1981, and the Age Discrimination in Employment Act of 1967 (ADEA).

5. This Court has subject matter jurisdiction over the parties and venue is proper in this Court.

6. Plaintiff timely filed her Charge of Discrimination with the EEOC on September 7, 2023, a true and correct copy of which is attached as Exhibit "A." The EEOC issued a Notice of Right to Sue on September 20, 2023, a true and correct copy of which is attached as Exhibit "B." Plaintiff timely files this cause of action within ninety (90) days of receipt of her Notice of Right to Sue.

## STATEMENT OF FACTS

7. Plaintiff is a 42-year-old black female resident of Sunflower County, Mississippi.

8. On December 5, 2016, Plaintiff was hired as a patient care technician at LifePoint RC, Inc., which operated the Bolivar Medical Center.

9. In December 2021, the Bolivar Medical Center was bought out by PHC-Cleveland, LLC ("PHC").

10. All FMLA paperwork and approval was required to be handled by UNUM Group ("UNUM") under the new ownership.

11. When PHC took ownership of Bolivar Medical Center is continued the same business operations as the Bolivar Medical Center performed prior to its purchase.

12. The location of the Bolivar Medical Center did not change when PHC took ownership of it.

13. The majority of the employees at Bolivar Medical Center that were employed by LifePoint RC, Inc., continued as employees PHC after it was purchased by PHC.

14. The jobs and working conditions at Bolivar Medical Center when LifePoint RC, Inc. owned the facility were very similar to how they were after PCH purchased the facility.

15. The supervisory personnel at Bolivar Medical Center when LifePoint RC, Inc. owned the facility were very similar to the supervisory personnel after PCH purchased the facility.

16. The machinery, equipment and medical procedures were very similar both before and after PHC purchased the Bolivar Medical Center.

17. Bolivar Medical Center provides the same services before and after PHC purchased the facility.

18. PHC is a successor in interest under the FMLA as to its purchase of Bolivar Medical Center.

19. Bolivar Medical Center has over 50 employees within a 75-mile radius. Between May 9, 2022, and May 9, 2023, Plaintiff worked over 1,250 hours.

20. Defendant is an employer as defined by Title VII.

21. Defendant is an employer as defined by the Age Discrimination Employment Act.

22. On May 5, 2023, Plaintiff received an iron transfusion.

23. Plaintiff did not work that evening, but returned to work on the following evening, on May 6, 2023.

24. On May 8, 2023, Plaintiff had her last day at work.

25. Plaintiff did not work because her heart was beating too fast due to complications from her transfusion.

26. Plaintiff took off work on May 9, 2023, due to her health complications.

27. Plaintiff then contacted Unum to apply for Short Term Disability and/or FMLA leave.

28. On or around May 17, 2023, an agent with UNUM, Mr. Drew LNU, told Plaintiff that she was not eligible for FMLA leave because a new company bought out the medical center; and therefore, according to UNUM, Plaintiff allegedly did not have the required hours to be eligible.

28. However, Plaintiff had been employed in the same position and had not taken any leave of absence during the hospital's ownership transition.

29. Plaintiff has not had any major leave of absences between May 9, 2022 – May 9, 2023.

30. Defendants improperly considered Plaintiff as ineligible for FMLA leave as they erroneously and intentionally refused to consider Plaintiff prior employment with LifePoint RC, Inc. at Bolivar Medical Center, which was the basis Defendants used to improperly deny Plaintiff FMLA leave.

## CAUSES OF ACTION
### COUNT I: VIOLATION OF THE FMLA - INTERFERENCE

31. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 30 above as if fully incorporated herein.

32. It is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any right provided under the FMLA.

33. As a result of the Defendants' interference with Plaintiff's rights to take leave pursuant to the FMLA described above, Plaintiff has suffered and continues to suffer significant lost pay and benefits.

34. The willful conduct of the Defendants is evidenced by a consciously indifferent attitude towards employee's rights under the FMLA.

35. As a result of this conduct, liquidated damages should be assessed against each of the Defendants.

36. Plaintiff also seeks all other relief, at law or in equity, to which she may show herself justly entitled.

## COUNT II: VIOLATION OF THE FMLA - RETALIATION

37. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 36 above as if fully incorporated herein.

38. It is unlawful for any employer to discharge or discriminate against any individual for requesting any practice made unlawful by the FMLA.

39. As a result of the Defendants' retaliatory acts described above, Plaintiff has suffered and continues to suffer significant lost pay and benefits.

40. The willful conduct of the Defendants is evidenced by a consciously indifferent attitude towards employee's rights under the FMLA and their subsequent retaliation against Plaintiff.

41. As a result of this conduct, liquidated damages should be assessed against each of the Defendants.

42. Plaintiff also seeks all other relief, at law or in equity, to which she may show herself justly entitled.

## COUNT III: VIOLATION OF TITLE VII – RACE DISCRIMINATION

43. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 42 above as if fully incorporated herein.

44. The Defendants discriminated against Plaintiff because of her race based on the facts identified above which constitutes a violation of the Title VII.

45. As a direct result of the Defendants' racially discriminatory actions, Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as deep humiliation, axiety and emotional distress.

46. The unlawful actions of the Defendants complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff, thus giving rise to both compensatory and punitive damages pursuant to Title VII.

### **COUNT IV: VIOLATION OF 42 U.S.C. § 1981 – RACE DISCRIMINATION**

47. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 46 above as if fully incorporated herein.

48. The Defendants discriminated against Plaintiff because of her race based on the facts identified above which constitutes a violation of 42 U.S.C. §1981.

49. As a direct result of the Defendants' racially discriminatory actions, Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as deep humiliation, axiety and emotional distress.

50. The unlawful actions of the Defendants complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff, thus giving rise to both compensatory and punitive damages pursuant to 42 U.S.C. §1981.

### **COUNT V: VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT – AGE DISCRIMINATION (ADEA)**

51. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1

through 50 above as if fully incorporated herein.

52. As described in more detail above, the Defendants discriminated against Plaintiff because of her age which constitutes a violation of the Age Discrimination in Employment Act of 1967, as amended.

53. As a result, Plaintiff has suffered lost wages, benefits and other pecuniary losses.

54. The unlawful actions of the Defendants complained of above were willful and taken in reckless disregard of the statutory rights of Plaintiff, thus entitling Plaintiff to liquidated damages pursuant to the ADEA.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Court cause service to issue in this cause upon the Defendants and that this matter be set for trial. Upon trial by jury thereon, Plaintiff prays that the following relief be granted:

1. Back wages;
2. Reinstatement or future wages in lieu of reinstatement;
3. Compensatory damages;
4. Punitive damages;
5. Liquidated damages;
6. Attorney fees;
7. Lost benefits;
8. Pre-judgment and post-judgment interest;
9. Cost and expenses; and
10. Such further relief as is deemed just and proper.

THIS the 13th day of November 2023.

Respectfully submitted,

SHAWANDA OGBURN, PLAINTIFF

By: /s Louis H. Watson, Jr.
LOUIS H. WATSON, JR. (MB# 9053)
NICK NORRIS (MB# 101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, Mississippi 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
louis@watsonnorris.com
nick@watsonnorris.com